IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22378-CV-WILLIAMS
U.S. MAGISTRATE JUDGE REID

MARQUAZE LEROY EDMONDS,

Plaintiff,

v.

Jonathan Skinner, et al.,

Defendant(s).

_____ /

## REPORT OF MAGISTRATE JUDGE

Before the Court is Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. The Defendants identified in the complaint are allegedly employed by the City of Palm Bay Police Department, which is located in Brevard County, Florida. This matter has been referred to the Undersigned for any recommendations to the district court regarding dispositive matters. [ECF No. 2].

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Under 28 U.S.C. § 1391(b), it provides:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Based on § 1391(b), this is the improper venue. All of the Defendants presumably reside in or near Brevard County, Florida. The events also appear to have transpired in that county. Therefore, this court must either dismiss the case or, if it is in the interest of justice, transfer the case to a proper district court. *See United States v. Saldana*, 273 F. App'x 845, 847 (11th Cir. 2008).

In *Goldlawr*, the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962) (citing 28 U.S.C. § 1406(a)). Transfer, rather than dismissal, is preferred in order to advance "an expeditious and orderly adjudication of cases and controversies." *Id.*

There is no reason to presume harassment or bad faith. Plaintiff likely filed the case in the district of confinement in error. Accordingly, the Undersigned recommends that this court transfer this Cause to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b) (providing that Brevard County is located in the Middle District of Florida).

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a de novo determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Henley v. Johnson*, 885 F. 2d 790,794 (1989); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 26th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Marquaze Leroy Edmonds
      E355552943480
      Miami-Dade County-PDC
      Pretrial Detention Center
      Inmate Mail/Parcels
      1321 NW 13th Street
      Miami, FL 33125
      PRO SE